IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL O'GRADY,

                                                                                   OPINION AND ORDER

                     Plaintiff,

                                                                                    12-cv-388-bbc

      v.

TERESA L. CARLSON, JAMES L. SANTELLE,
JANE KOHLWEY, SCOTT CORBETT,
JAMES ROY HABECK, SUSAN PFEIFFER,
KRISTINE RANDAL and
MARATHON COUNTY CHILD SUPPORT/TITLE IV-D AGENCY,

                   Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Various motions filed by plaintiff Michael O'Grady and one motion filed by defendants Teresa L. Carlson and James L. Santelle are now before the court in this case removed from the Circuit Court for Columbia County, Wisconsin under 28 U.S.C. § 1442(a)(1). Plaintiff has filed the following motions: (1) "Notice of Objection and Motion to Remand to State Court," dkt. #6; (2) "Motion for Evidentiary Hearing on Notice of Objection and Motion to Remand," dkt. #7; (3) "Motion for Relief Pursuant to Wis. Stat. § 806.07 to Vacate Partial Dismissal Order," dkt. #8; (4) "Motion to Transfer Venue to U.S. District Court for the Eastern District of Wisconsin and for the Recusal of Judge Crabb and Magistrate Judge Crocker," dkt. #10; (5) "Motion for Hearing ," dkt. #11; (6) "Motion Pursuant to Rule 55 for Issuance of Default Declaratory Judgment as to Kristine Randal and

1

Susan Pfeiffer," dkt. #14; (7) "Motion for Entry of Default Declaratory Judgment as to Teresa L. Carlson and James L. Santelle," dkt. #15; (8) "Motion for Injunctive Relief for Issuance of Temporary/Permanent Order Enjoining Defendants Comply [sic] with State Court Dismissal with Prejudice Order," dkt. #16; and (9) "Motion/Request Pursuant to Federal Rule of Evidence 201 for the Court to Take Judicial Notice of State Court of Appeals Exhibit Titled: The Jewish Peril: The Protocols of Learned Elders of Zion as a Zionist Manifesto." Dkt. #20. Defendants Carlson and Santelle have filed a motion "for Clarification of Posture of Case and Motion for Extension of Time to File Response to Complaint." Dkt. #13.

As defendants note in their motion, the Court of Appeals for the Seventh Circuit sanctioned plaintiff earlier this year as a result of "his campaign of frivolous litigation." O'Grady v. Habeck, Case No. 11-3881 (7th Cir. Apr. 24, 2012). In accordance with Supports Systems International, Inc. v. Mack, 45 F.3d 185 (7th Cir. 1995), the court directed "the clerks of every court in this circuit" to "decline to accept additional papers tendered in any suit that may be pending" until plaintiff has paid his past filing fees in full. According to defendants, this order excused them from having to file an answer to plaintiff's complaint because he still owes the court many hundreds of dollars in unpaid filing fees.

Defendants are correct that plaintiff has not purged himself of the sanction, but they are wrong about the scope of the sanction. The court of appeals made it clear in Matter of Skupniewitz, 73 F.3d 702, 705 (7th Cir. 1996), that a Mack order is limited to documents the plaintiff files in *federal* court. Because plaintiff filed his complaint in state court and

2

defendants removed the case to this court, they should have filed an answer to the complaint. However, for the reasons explained below, there would be no point in requiring defendants to file an answer now.

In accordance with the order of the court of appeals, I cannot consider most of the motions plaintiff filed. However, because a recusal motion could raise issues of due process and a motion to remand the case to state court could raise jurisdictional issues, I will consider both of those motions. Plaintiff states the grounds for his recusal motion in one long sentence: "Plaintiff request[s] Honorable B. Crabb and Honorable S. Crocker disqualify themselves from presiding over this proceeding based upon conflict of interest and being a potential material witness relating to prior court cases in which criminal activity of some defendants was noticed, allowed to continue without judicial restraint, and failure to report the misconduct as mandated under Wisconsin rules for attorney conduct, judicial code of conduct after dismissing 'all' of the cases before the court." Dkt. #10 at 2. Plaintiff does not explain what he means by this, but he seems to be arguing that this court is not impartial because it has ruled against him in the past. Because it is well established that adverse rulings do not provide grounds for recusal, Collins v. Illinois, 554 F.3d 693, 697 (7th Cir. 2009), I am denying this motion.

With respect to his motion to remand, plaintiff argues that a federal court cannot have subject matter jurisdiction over this case because this court and other federal district courts have dismissed previous cases he filed for lack of jurisdiction. However, one important difference between this case and other cases plaintiff has filed in this court is that,

in this case, plaintiff is suing an assistant United States attorney (defendant Santelle) and an agent of the Federal Bureau of Investigation (defendant Carlson) under 42 U.S.C. §§ 1983, 1985 and 1986 for failing to prevent defendant James Habeck (a state court judge) "from retaliating and inflicting injury upon Plaintiff for exercising [his] right in federal and state court to enforce his court order rights." Cpt. ¶ 31, dkt. #1-2.

Under 28 U.S.C. § 1442(a)(1), removal is proper in a case filed against federal officers "relating to any act under color of such office." Even if the claims against the other defendants do not raise federal issues and the other defendants did not consent, a federal officer is entitled to remove the entire case. Akin v. Ashland Chemical Co., 156 F.3d 1030, 1034 (10th Cir.1998); Ely Valley Mines, Inc. v. Hartford Accident & Indemnity Co., 644 F.2d 1310, 1315 (9th Cir.1981);14C Wright, Miller, Cooper & Steinman, Federal Practice & Procedure § 3728 (4th ed). Although many of plaintiff's allegations are difficult to understand, his claim against the two federal officers seems to be that their offices imposed on them a duty to protect him from the allegedly erroneous rulings of defendant Habeck.

In an order dated October 10, 2012, dkt #18, I noted that the Supreme Court has interpreted § 1442(a)(1) as being limited to cases in which the officer has a federal defense to the plaintiff's claims against him, Mesa v. California, 489 U.S. 121, 129 (1989), and I directed defendants Santelle and Carlson to identify the federal defenses at issue in this case. In their response, Santelle and Carlson say they are relying on the defense of qualified immunity, which protects public officials from being sued for money damages under the Constitution unless they violated the plaintiff's clearly established constitutional rights.

4

Messerschmidt v. Millender, 132 S. Ct. 1235, 1244-45 (2012). That is sufficient to provide a basis for removal. E.g., Goddard v. Urrea, 847 F.2d 765, 768 (11th Cir. 1988); Allen v. City of Laurel, 2009 WL 2486183, *2 (S.D. Miss. 2009); Reiser v. Fitzmaurice, 1996 WL 54326, *3 (S.D.N.Y. 1996).

Having concluded that removal was proper, I may consider the merits of plaintiff's claims under 28 U.S.C. § 1915(e)(2), which permits courts to screen complaints to determine whether they are frivolous, fail to state a claim upon which relief may be granted or seek monetary relief against a defendant who is immune from such relief. All of plaintiff's claims are obviously frivolous. With respect to his claims against defendants Santelle and Carlson, plaintiff has no right under the Constitution, clearly established or otherwise, to force federal executive branch employees to intervene on his behalf when he believes that a state court has applied the law incorrectly. Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002) ("[T]here is no duty to assist in an effort to obtain private redress."). A litigant's remedy in that instance is to file an appeal. Defendants' interference in state court proceedings would be a violation of principles of federalism as well as the separation of powers.

Plaintiff's claims against the remaining defendants all relate to a state court lawsuit that resulted in an order by defendant Habeck for plaintiff to pay child support to his ex-wife for their four children. Plaintiff's position seems to be that the order was unlawful because it was inconsistent with a previous state court judgment and that various public officials violated his rights by failing to stop the proceedings or by assisting in the enforcement of the

5

court order.  These claims are also frivolous for various reasons: regardless whether the state court ruled correctly, the judgment now has preclusive effect on further litigation in state or federal court; the judge is entitled to absolute immunity; and none of the other defendants had a constitutional obligation to intervene on behalf of plaintiff in state court proceedings. Brown v. Bowman, 668 F.3d 437, 442 (7th Cir. 2012); Polzin v. Gage, 636 F.3d 834, 838 (7th Cir. 2011); Freedom Mortgage Corp. v. Burnham Mortgage, Inc., 569 F.3d 667, 670-71 (7th Cir. 2009); Burks v. Raemisch, 555 F.3d 592, 595 (7th Cir. 2009).  Any further discussion of plaintiff's claims would be a waste of judicial resources better devoted to cases in which the plaintiff has a good faith basis for his claims.

ORDER

IT IS ORDERED that this case is DISMISSED as frivolous.  The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 16th day of November, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

6